### BURTON v BAUSMAN, Exr

Ohio Appeals, 2nd Dist, Miami Co

No 334. Decided Jan 10, 1935

W. A. Haines, Troy, for plaintiff in error. Harley D. Enyeart, Troy, for defendant in error.

## 'OPINION

By KUNKLE, J.

Judge Jones has reviewed the sections of the Code relating to Probate practice in the settlement of estates. He has reviewed in detail the present sections of our Code and in addition has given a very exhaustive review of the decisions of the courts of sister states wherein similar provisions are contained in their code of probate practice.

Our review of these decisions and of the sections of the code in question leads us to the same conclusion as that which was reached by Judge Jones. It will therefore be unnecessary for us to review the authorities cited by him.

This controversy relates to a construction of §10509-112 GC which contains the following provisions:

"Creditors shall present their claims, whether due or undue, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within 30 days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and except as to negotiable instruments maturing subsequent to the expiration of such time any such late claim shall not prevail as against bona fide distributees."

Sec 10509-134 GC contains the following provisions:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the fling of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

It is unimportant to determine what the rights of plaintiff in error were before the adoption of what is known as our present Probate Code. His rights must be determined by such Code.

From a consideration of the provisions of the Probate Code and the authorities suggested, we can not escape the conclusion that the plaintiff in error's remedy was not to bring suit before a justice of the peace, but it was to file his petition in the Probate Court under §10509-134 GC for the purpose of having his claim allowed after the time prescribed by law. Had this course been pursued, we must assume that the Probate Court would have heard his petition and properly determined the same upon the facts presented during such hearing. We find no prejudicial error in the judgment of the lower court and the same will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.